CARNAHAN, EXR., ET AL., APPELLEES, *v.* STALLMAN ET AL., APPELLEES; PLANNED PARENTHOOD OF CENTRAL OHIO ET AL., APPELLANTS.

(No. 85AP-588 — Decided
April 10, 1986.)

*Knepper, White, Arter & Hadden,
John A. Carnahan* and *John L. Davies,*
for plaintiff-appellee John A. Carnahan,
executor, et al.

*Means, Bichimer, Burkholder &
Baker Co., L.P.A., Raymond A.
Bichimer* and *Craig D. Leister,* for
defendant-appellee Margaret Stallman.

*Donald H. Swain,* for defendant-
appellee Ohio Presbyterian Homes.

*Anthony J. Celebrezze, Jr.,* attorney
general, and *Monica A. Maloney,* for
defendant-appellee Charitable Founda-
tions.

*Vorys, Sater, Seymour & Pease* and
*Robert G. Dykes,* for defendant-
appellant Planned Parenthood of Cen-
tral Ohio.

*Porter, Wright, Morris & Arthur,
Thomas A. Young, Marjorie Crowder
Briggs* and *David A. Swift,* for
defendants-appellants Dorothy McVey
Stallman Wessels-Boer, Community
Camp of Columbus, Ohio and Columbus
Museum of Art.

*Bricker & Eckler* and *Toby D.
Mann,* for defendants-appellants Capital
Area Humane Society and Lutheran
Senior City, Inc.

*Alexander, Ebinger, Fisher,
McAlister & Lawrence* and *Lloyd E.
Fisher,* for *amicus curiae* Ohio Bankers
Association.

MOYER, P.J. This matter is before
us on the appeal of defendants-appel-
lants, various charitable remaindermen
of an *inter vivos* trust, from the findings
and declaratory judgment of the Frank-
lin County Court of Common Pleas in
favor of defendant-appellee Margaret
Stallman et al. Also before us is a mo-
tion by defendant-appellant Dorothy
McVey Stallman Wessels-Boer to dis-
miss her appeal, and a post-hearing mo-
tion, filed by others, to dismiss for lack
of subject matter jurisdiction. The mo-
tion to dismiss Mrs. Wessels-Boer's ap-
peal is sustained, and her appeal is dis-
missed; she is to bear her share of costs
in this matter. The motion to dismiss for
lack of subject matter jurisdiction is
overruled.

The question of law presented to the
trial court on defendant-appellee Stall-
man's motion for summary judgment
was whether a surviving spouse's elec-
tion under R.C. 2107.39 to take against
the will of a decedent affects her rights
in an *inter vivos* trust.

Plaintiffs filed a complaint for dec-
laratory judgment in both the probate
and general divisions of the court of
common pleas. The case filed in the pro-
bate division was assigned to the pro-
bate judge. The presiding judge of the
general division of common pleas court,
on February 28, 1985, executed an entry
appointing and designating the probate
judge as a judge of the general division
of the common pleas court for the pur-
pose of hearing and deciding the case
that was filed in the general division,
thus consolidating the two cases.

Identical issues were raised by the
same parties in the actions filed in the
probate and general divisions.[2] The trial
court found:

"* * * [T]he surviving spouse's elec-
tion under R.C. § 2107.39 has no effect
on the provisions of the *inter vivos* trust,
and the surviving spouse will take all
beneficial interest[s] to which she is en-
titled under the *inter vivos* trust as if no
election had been made."

---

[2] In addition, the action filed in the pro-
bate division included various other issues
properly within its subject matter jurisdiction
and irrelevant to the issues on appeal.

As noted, following the submission of the case to this court for disposition, the remaining defendants-appellants filed a motion to dismiss for lack of subject matter jurisdiction, citing as authority therefor the opinion of the Ohio Supreme Court in *Schucker* v. *Metcalf* (1986), 22 Ohio St. 3d 33. The Supreme Court opinion was rendered following oral argument in this case and was therefore not available to counsel or to the court when the appeal herein was submitted for our disposition.

The opinion in *Schucker,* rendered January 29, 1986 and cited by defendants-appellants, was vacated February 20, 1986 and was modified upon reconsideration on March 12, 1986. The modified opinion remains as *Schucker* v. *Metcalf* (1986), 22 Ohio St. 3d 33. We will consider the motion to dismiss in light of the modified opinion.

The relevant facts have been stipulated by the parties. On May 17, 1982, Wayne A. Stallman, Jr. died testate. Plaintiff-appellee John A. Carnahan became executor of his estate. Thereafter, on January 31, 1983, Margaret Stallman, widow of the deceased, elected to take against the will and received one half of the net probate estate pursuant to R.C. 2105.06.

On October 3, 1968, Mr. Stallman created a revocable, amendable *inter vivos* trust with plaintiff-appellee Huntington National Bank of Columbus, Ohio, as trustee, using as corpus the right to receive life insurance proceeds on policies covering his life. Additional property was to enter the trust corpus under a residuary clause, Item VII, in his last will and testament.

The terms of the *inter vivos* trust are part of the stipulated record. Article II of the trust provides for the payment of net income to Mrs. Stallman, and for discretionary invasion of the trust principal by the trustee to provide for her "* * * reasonable and adequate care, support and maintenance, so as to maintain so far as possible the same standard of living which she enjoyed during Grantor's lifetime * * *." Upon her death, the trust (Article III) provides for distribution of the entire principal and accumulated income to various individuals and organizations, among which are defendants-appellants.

After reviewing the jurisdiction of the probate court as set forth in R.C. 2101.24, the Supreme Court, in *Schucker* v. *Metcalf, supra,* at 35-36, held:

"Pursuant to this statute, we hold that, in Ohio, the jurisdiction of the probate division over trustees is limited to testamentary trustees and the probate division has no control over the trustees of *inter vivos* trusts. [Citations omitted.] * * * Hence, the issues raised by the complaint in the underlying action here were solely within the jurisdiction of the court of common pleas, general division, and never should have been transferred in the first instance by Judge Rader to the probate division."[3]

That holding is applicable to this case to the extent that the probate judge had no inherent jurisdiction to hear and decide the issue with respect to the *inter vivos* trust of Wayne A. Stallman, Jr., deceased.

A second holding in *Schucker* is also controlling to our disposition of the motion to dismiss. The court further held that only the Chief Justice, Acting Chief Justice of the Supreme Court, or the presiding judge of a court of common pleas, has the authority to assign a judge from one division of the same court to

---

[3] Effective March 13, 1986, R.C. 2101.24(B) was amended to grant the probate court "* * * concurrent jurisdiction with * * * the general division of the court of common pleas to hear and determine actions involving inter vivos trusts." (Am. S.B. No. 135, 141 Ohio Laws ___.)

another. *Id.* at 37. Therefore, the administrative judge in *Schucker* had no authority to assign the judge of the probate division to hear a case in the general division of the court of common pleas. That holding is inapplicable to this case because the presiding judge of the court of common pleas assigned the probate judge to hear this case as a judge of the general division of the common pleas court under the authority of C.P. Sup. R. 2.

Thus, the judge of the probate division, assigned by the presiding judge of the court of common pleas, was empowered to hear the issues relating to the *inter vivos* trust.

Defendants seek immediate distribution of trust assets received from the estate. They assert the following assignment of error in support of their appeal:

"The court below erred as a matter of law in holding that appellee's election under O.R.C. § 2107.39 to take against her husband's will has no effect on the provisions of an inter vivos trust with respect to the administration and distribution of assets passing to the trust from the decedent's estate."

Defendants argue in support of the assignment of error that the decision of the court below is against the public policy of the state of Ohio, contrary to the common law of the state of Ohio, contrary to the provisions of R.C. 2107.39(D), and inconsistent with current law in other states.

We find defendants' arguments unpersuasive.

At issue in this case are residuary assets of an estate which the will seeks to "pour-over" into a valid, existing *inter vivos* trust.

We agree with the trial court that residuary assets bequeathed and devised to the trustee under the residuary clause of the husband's last will and testament are not affected by the spouse's election to take against the will under R.C. 2107.39.

R.C. 2107.39 by its own terms does not apply to beneficial interests created by an *inter vivos* trust. R.C. 2107.39 states, in pertinent part:

"(C) If the surviving spouse elects to take under section 2105.06 of the Revised Code, the spouse shall take not to exceed one half of the net estate * * *.

"(D) Unless the will expressly provides that in case of an election under division (A) of this section there shall be no acceleration of remainder or other interests *bequeathed or devised by the will,* the balance of the net estate shall be disposed of as though the spouse had predeceased the testator." (Emphasis added.)

The "acceleration of remainder" clause applies solely to interests "bequeathed or devised by the will," and not to remainders created by a separate, independent trust instrument.

Were the surviving spouse's beneficial interest, in fact, created by the residuary clause of the will as a testamentary trust, then that beneficial interest, along with all other provisions of the will in favor of the spouse, would have been rejected when she elected to take against the will. Such is not the case, however.

The terms of the trust which ultimately establish the wife's beneficial interest in the residuary assets arise independently under the terms of the *inter vivos* trust. Not being incorporated by reference, the trust agreement was not in evidence before the probate court when the will was probated.

Reviewing the process sequentially, once all interests in the residuary assets of the estate are transferred to the trustee, pursuant to the will, they became assets of the trust estate, and R.C. 2107.39 loses its relevance. The property and interests so transferred are then subject to R.C. 2107.63, which provides that they become "* * * part of the trust estate, shall be subject to the jurisdiction of the court having jurisdic-

tion of such trust, and shall be administered in accordance with the terms and provisions of the instrument creating such trust * * *." That is, only after the assets are transferred to the trustee does the wife's beneficial interest arise. At that point, they are no longer part of the decedent's estate, but are part of the trust estate, beyond the reach of R.C. 2107.39.

Because we perceive defendants' public policy arguments to promote a result contrary to law and the intent of R.C. 2107.39, we find those arguments not well-taken.

We find the estate tax considerations cited by defendants are matters of practical concern, and were addressed by the trial court, but, as policy considerations, they are largely irrelevant to the legal basis of our analysis. In light of the current state of the law, those considerations should more appropriately be directed to the attention of the General Assembly.

Our analysis is not inconsistent with persuasive authority in other states. See, e.g., *Lorch* v. *Mercantile Trust Co. Natl. Assn.* (Mo. App. 1983), 651 S.W. 2d 540.

As defendants have argued, the common-law doctrine of election and the provisions of R.C. 2107.39(D) bar the surviving spouse from taking more than her statutory share of the decedent's estate. However, the exercise of the right of election under R.C. 2107.39(D) does not operate to affect, other than to satisfy the spouse's share out of the residuary bequest, the amounts given to a trustee under a residuary clause. The trustee, not the wife, is the object of the testator's residuary bequest. Her beneficial interests attach to residuary assets only after they become part of the trust estate. Therefore, although she has elected to take against her husband's will, the surviving spouse can retain her beneficial life income interests in all assets of the *inter vivos* trust, including those amounts added to the trust from the decedent's estate.

Accordingly, the assignment of error is overruled, and the judgment of the trial court is affirmed.

*Motion to dismiss a party sustained.*
*Motion to dismiss appeal overruled.*
*Judgment affirmed.*

STRAUSBAUGH and NORRIS, JJ., concur.