ESTATE OF W.L. HARPER, DECEASED, FRED R. VEITH, COEXECUTOR AND ROBERT O. EDINGTON, COEXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 34901-87.     Filed September 21, 1989.

*James R. Marlow* and *Steven F. Gay,* for the petitioner.
*Ronald T. Jordan,* for the respondent.

OPINION

TANNENWALD, *Judge:* Respondent determined a deficiency of $453,759 in the Federal estate taxes of W.L. Harper (decedent). The sole issue for decision is whether property transferred to an inter vivos trust pursuant to a residuary pour-over provision in decedent's will is qualified

terminable interest property where decedent's surviving spouse made an election to take against the will.

All of the facts have been stipulated, and the stipulation of facts and the attached exhibits are incorporated herein by reference.

Decedent died testate on November 9, 1983, a resident of Kentucky. He was survived by his wife, Florence W. Harper. The coexecutors of his estate maintained their legal residence in Cincinnati, Ohio, at the time of the filing of the petition herein. Decedent's last will and testament was admitted to probate on November 23, 1983.

On May 9, 1978, decedent, as grantor, entered into an inter vivos pour-over trust agreement, known as the W.L. Harper Trust (the trust), with The Central Trust Company, N.A., of Cincinnati, Ohio, as trustee. The trust was funded with $10, and no further property was transferred to the trust until the transfer of the residue of decedent's probate estate. The trustee engaged in no property transactions until the residue was placed in the trust nor were books and records maintained by the trustee until after decedent's death. No income was credited to the trust nor were any distributions made from the trust to the beneficiaries until after the residue was transferred to the trust.

The trust agreement provided that the net income was to be paid to Florence W. Harper during her lifetime, not less frequently than quarter annually; that principal may be distributed to provide for her health, support, and maintenance; and that upon her death, the corpus would be distributed to the named beneficiaries free of trust. The trust agreement also provided that the validity, construction, and administration was to be determined in accordance with the laws of Ohio.

Decedent's Last Will and Testament provided, in part:

ITEM VI. I give, devise, and bequeath all the rest and residue of my property and estate, but expressly excluding any property over which I have a power of appointment, to the then acting Trustee of a certain inter vivos trust of which I am the Grantor and The Central Trust Company, N.A., is now Trustee, created by instrument dated May 9, 1978, said residue to be held administered and disposed of pursuant to the terms of said Trust Agreement and any amendments thereto. The receipt of such Trustee for the residue of my estate shall be a full and complete discharge of the Executors of my estate; and thereafter neither the residue of my estate, nor the trust estate, nor the Trustee thereof,

shall be subject to the jurisdiction of the court in which my estate is administered.

On April 5, 1984, Florence W. Harper elected to release and relinquish her rights under the decedent's will and to receive her statutory share pursuant to Kentucky Revised Statutes section 392.080. After payment of the specific bequests set forth in decedent's will and Florence W. Harper's statutory share, the coexecutors distributed the residue of the estate to the trust.

A marital deduction of $1,460,629.15 was claimed on the Federal estate tax return for the portion of the decedent's probate estate distributed to Florence W. Harper pursuant to her election against the will. In addition, a marital deduction of $1,263,726.07, representing the property distributed by the estate to the trust, was claimed by virtue of an election to treat this property as qualified terminable interest property under section 2056(b)(7).[1]

By statutory notice of deficiency, dated September 10, 1987, respondent reduced the claimed marital deduction by $1,263,726, representing the property transferred to the trust pursuant to the residuary clause.

Under certain conditions, section 2056 allows a deduction from the gross estate for the value of property passing to the surviving spouse. Sec. 2056(a). If the spouse's interest in the property is a terminable interest, that is, it will terminate either on the lapse of time (for example, a life estate) or on the occurrence or nonoccurrence of an event, generally no deduction is allowed. Sec. 2056(b)(1). If, however, the property is qualified terminable interest property (QTIP), a deduction for its value is allowed. See sec. 2056(b)(7)(A). The parties agree that the provisions of the trust agreement created a "qualifying income interest for life" as defined in section 2056(b)(7)(B)(ii)[2] and that a proper election was made.

---

[1]Unless otherwise indicated, all statutory references are to the Internal Revenue Code as amended and in effect as of the date of the decedent's death, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Sec. 2056(b)(7)(B) provides, in pertinent part:

(B) QUALIFIED TERMINABLE INTEREST PROPERTY DEFINED.—For purposes of this paragraph—
(i) IN GENERAL.—The term "qualified terminable interest property" means property—
(I) which passes from the decedent,
(II) in which the surviving spouse has a qualifying income interest for life, and
(III) to which an election under this paragraph applies.

The sole issue for decision is whether property transferred to the inter vivos trust pursuant to the residuary pour-over provisions of decedent's will "passes from the decedent" within the meaning of section 2056(b)(7)(B)(i)(I). The parties do not dispute that, if the trust had been a testamentary trust rather than an inter vivos trust, the surviving spouse would not be entitled to a beneficial interest in the trust as a result of her election to take against the will. The parties, however, lock horns on what effect the election had on the surviving spouse's interest in the inter vivos pour-over trust.

Respondent's first argument is that, under local law, the election against the will caused Florence W. Harper to relinquish any interest in the portion of the estate passing pursuant to the residuary clause and therefore she did not possess a qualifying income interest under section 2056(b)(7)(B)(ii) with respect to this property. Petitioner disagrees, asserting that, under local law, the election had no impact on Florence W. Harper's right to share in the residuary estate via the trust. An analysis of these contentions requires us to look to State law to determine the effect of the election. *Commissioner v. Estate of Bosch,* 387 U.S. 456, 465 (1967); *Morgan v. Commissioner,* 309 U.S. 78, 80-81 (1940). In this case, it is appropriate that we consider both the laws of Kentucky and Ohio because Kentucky was the domicile of the decedent at the time of his death and was also the location of the bulk of the assets owned by decedent at the time of his death, while real property owned by the decedent was located in Ohio. See *Olmsted v. Olmsted,* 216 U.S. 386 (1910).

---

(ii) QUALIFYING INCOME INTEREST FOR LIFE.—The surviving spouse has a qualifying income interest for life if—

    (I) the surviving spouse is entitled to all the income from the property, payable annually or at more frequent intervals, or has a usufruct interest for life in the property, and

    (II) no person has a power to appoint any part of the property to any person other than the surviving spouse.

        *     *     *     *     *     *     *

(v) ELECTION.—An election under this paragraph with respect to any property shall be made by the executor on the return of tax imposed by section 2001. Such an election, once made, shall be irrevocable.

The Kentucky statute describes a surviving spouse's right to take his or her statutory share in an election against a will as follows:

(1) When a husband or wife dies testate, the surviving spouse may, though under full age, release what is given to him or her by will, if any, and receive his or her share under KRS [Ky. Rev. Stat.] 392.020 as if no will had been made. * * *

(2) Subsection (1) does not preclude the surviving spouse from receiving his or her share under KRS 392.020, in addition to any bequest or devise to him or her by will, if such is the intention of the testator, plainly expressed in the will or necessarily inferable from the will. * * * [Ky. Rev. Stat. sec. 392.080 (1984).]

## The Ohio statute provided[3] as follows:

(C) If the surviving spouse elects to take under section 2105.06 of the Revised Code, the spouse shall take not to exceed one half of the net estate unless two or more of the decedent's children or their lineal decedents survive, in which case the spouse shall take not to exceed one-third of the net estate. * * *

(D) Unless the will expressly provides that in the case of an election under division (A) of this section there shall be no acceleration of remainder or other interests bequeathed or devised by will, the balance of the net estate shall be disposed of as though the spouse had pre-deceased the testator. [Ohio Rev. Code Ann. sec. 2107.39 (Page 1988 Supp.).]

## Both States have statutes validating testamentary transfers to inter vivos trusts. The Kentucky statute provides:

Uniform Testamentary Additions to Trusts Act.—(1) A devise or bequest, the validity of which is determinable by the law of this state, may be made by a will to the trustee or trustees of a trust established or to be established by the testator or by the testator and some other person or persons or by some other person or persons (including a funded or unfunded life insurance trust, although the trustor has reserved any or all rights of ownership of the insurance contracts) if the trust is identified in the testator's will and its terms are set forth in a written instrument

---

[3]Subsec. (D) was amended (effective Mar. 22, 1989, and therefore not applicable to the instant case) by adding the following language at the end thereof:

If there is a disposition by a will to an inter vivos trust that was created by the testator, if under the terms of the trust the surviving spouse is entitled to any interest in the trust or is granted any power or nomination with respect to the trust, and if the surviving spouse makes an election to take under section 2105.06 of the Revised Code, then, unless the trust instrument provides otherwise, the surviving spouse is deemed for purposes of the trust to have predeceased the testator, and there shall be an acceleration of remainder or other interests in all property bequeathed or devised to the trust by the will, in all property held by the trustee at the time of the death of the decedent, and in all property that comes into the hands of the trustee by reason of the death of the decedent. [Amended Substitute Senate Bill No. 228, now reflected in Ohio Rev. Code Ann. sec. 2107.39 (Page 1988 Supp.).]

(other than a will) executed before or concurrently with the execution of the testator's will or in the valid last will of a person who has predeceased the testator (regardless of the existence, size, or character of the corpus of the trust). The devise or bequest shall not be invalid because the trust is amendable or revocable, or both, or because the trust was amended after the execution of the will or after the death of the testator. Unless the testator's will provides otherwise, the property so devised or bequeathed (a) shall not be deemed to be held under a testamentary trust of the testator but shall become a part of the trust to which it is given and (b) shall be administered and disposed of in accordance with the provisions of the instrument or will setting forth the terms of the trust, including any amendments thereto made before the death of the testator (regardless of whether made before or after the execution of the testator's will) and, if the testator's will so provides, including any amendments to the trust made after the death of the testator. A revocation or termination of the trust before the death of the testator shall cause the devise or bequest to lapse. [Ky. Rev. Stat. sec. 394.075 (1984).]

## Similarly, the Ohio statute provides:

Addition to trust estates.

A testator may by will devise, bequeath, or appoint real or personal property, or any interest in such property, to a trustee of a trust which is evidenced by a written instrument executed by the testator or any other person either before or on the same date of the execution of such will and which is identified in such will.

The property or interest so devised, bequeathed, or appointed to such trustee shall be added to and become a part of the trust estate, shall be subject to the jurisdiction of the court having jurisdiction of such trust, and shall be administered in accordance with the terms and provisions of the instrument creating such trust, including, unless the will specifically provides otherwise, any amendments or modifications thereof made in writing before, concurrently with, or after the making of the will and prior to the death of the testator. The termination of such trust, or its entire revocation prior to the testator's death, shall invalidate such devise, bequest, or appointment to such trust.

This section shall not affect any of the rights accorded to a surviving spouse under section 2107.39 of the Revised Code. [Ohio Rev. Code Ann. sec. 2107.63 (Page 1976).]

The foundation of respondent's position is that Florence W. Harper's beneficial interest in the residue of decedent's estate was created by the will and not by the inter vivos trust. On this basis, respondent maintains that the exercise of the right of election caused her to lose her income interest in the inter vivos trust thereby disqualifying its status as a QTIP trust.

This precise issue arose in *Carnahan v. Stallman,* 29 Ohio App. 3d 293, 504 N.E.2d 1218 (1986). In that case, the Court of Appeals of Ohio held that a surviving spouse's election to take against her husband's will did not affect her rights as a beneficiary of a pour-over inter vivos trust under the same statutory provisions as were in effect at the death of decedent herein. In so holding, the court stated:

Were the surviving spouse's beneficial interest, in fact, created by the residuary clause of the will as a testamentary trust, then that beneficial interest, along with all other provisions of the will in favor of the spouse, would have been rejected when she elected to take against the will. Such is not the case, however.

The terms of the trust which ultimately establish the wife's beneficial interest in the residuary assets arise independently under the terms of the inter vivos trust. * * *

Reviewing the process sequentially, once all interests in the residuary assets of the estate are transferred to the trustee, pursuant to the will they became assets of the trust estate, and R.C. 2107.39 loses its relevance. The property and interests so transferred are then subject to R.C. 2107.63, which provides that they become " * * * part of the trust estate, shall be subject to the jurisdiction of the court having jurisdiction of such trust, and shall be administered in accordance with the terms and provisions of the instrument creating such trust * * * ." That is, only after the assets are transferred to the trustee does the wife's beneficial interest arise. At that point, they are no longer part of the decedent's estate, but are part of the trust estate, beyond the reach of R.C. 2107.39. [29 Ohio App. 3d at 296-297, 504 N.E.2d at 1221.]

We recognize that the Court of Appeals of Ohio is not the highest court of that State and that we are therefore not necessarily bound by its decision. *Commissioner v. Estate of Bosch, supra* at 465; *Ward v. Commissioner,* 87 T.C. 78, 91-92 (1986). However, we are satisfied that the decision in *Carnahan v. Stallman, supra,* resulted from a bona fide adversary proceeding and consequently that the Supreme Court of Ohio would have reached the same conclusion. Cf. *Estate of Sawyer v. Commissioner,* 73 T.C. 1, 3-5 (1979). We are reinforced in our view by the fact that at least one other appellate court has reached the same conclusion. See *Lorch v. Mercantile Trust Co. Nat. Assn.,* 651 S.W.2d 540 (Mo. Ct. App. 1983). Moreover, we think it significant that, soon after *Carnahan v. Stallman, supra,* was decided, the Ohio legislature enacted a specific statutory provision dealing with the situation. See note 3, *supra.* This action supports

the view that the interpretation of the prior law by the Ohio Court of Appeals was correct. See *Lorch v. Mercantile Trust Co. Nat. Ass'n, supra* at 542-543.

The parties have not cited us to any precedent in Kentucky nor has our own independent research revealed such a case.[4] However, the Kentucky statutory provisions dealing with a surviving spouse's right of election and validating pour-over inter vivos trusts are substantially the same as those of Ohio. Consequently, we think it reasonable to conclude that, in Kentucky as well as Ohio, the provisions of the trust herein have independent existence and vitality separate and apart from the decedent's will and that the election against decedent's will did not affect Florence W. Harper's interest in property bequeathed to the trust.

We are not impressed with respondent's attempt to distinguish *Carnahan v. Stallman, supra.* He suggests that this case is "very weak precedent to support petitioners' case" because its reliance on Ohio Rev. Code Ann. sec. 2107.63, dealing with validity and administration of inter vivos pour-over trusts, is misplaced. Respondent asserts that the Ohio court failed to grasp that the purpose of that provision was to validate residuary pour-overs to revocable amendable inter vivos trusts. The opinion of the Ohio Court of Appeals goes far beyond reliance on section 2107.63 and, in any event, we are not prepared to disagree with its reference to that section.

In the same vein, we reject respondent's attempt to distinguish *Lorch v. Mercantile Trust Co. Nat. Ass'n, supra,* on the ground that the inter vivos trust therein was funded with $1,000 while the inter vivos trust herein was funded with only $10 at decedent's death. On this basis, respondent contends that the instant trust was only nominally funded and therefore should be treated as if it had been established by the will. But the fact of the matter is that the Missouri Court of Appeals in *Lorch* gave no indication that the amount of the funding was a significant factor in reaching

---

[4]We note that Kentucky has not modified its statutory provision as Ohio recently did. See note 3, *supra.*

its decision.[5] Similarly, the Ohio Court of Appeals gave no indication in *Carnahan* that any significance should be accorded to the fact that the inter vivos trust therein was funded with the proceeds of insurance on the life of the decedent which obviously did not come into existence prior to death.[6]

We are not unaware that several scholarly writers suggest that the doctrine of independent significance and validity is inapplicable where there is such limited funding and consequent lack of activity in the trust prior to death. See Palmer, "Testamentary Disposition to the Trustee of an Inter Vivos Trust," 50 Mich. L. Rev. 33, 69 (1951); Flickinger, "The 'Pour-Over' Trust and the Wills Statutes; Strange Bedfellows," 52 Ky. L.J. 732. (1964); Scott, "Trusts and the Statute of Wills," 43 Harv. L. Rev. 521, 549 (1930). Prior to statutory provisions validating inter vivos pour-over trusts, the courts relied upon the doctrines of incorporation by reference and independent significance. See Scott, "Trusts and The Statute of Wills," 43 Harv. L. Rev. 521 (1930); Atkins, "Surviving Spouse's Election and Acceleration of Remainders in Pour-Over Trusts," 41 Cin. L. Rev. 441 (1972). However, as previously stated, the statutory provisions of both Ohio and Kentucky establish the validity of the inter vivos pour-over trust. Such being the case, respondent's argument that the practical effect of this trust was a testamentary disposition is contrary to the clear meaning of the local statutes.

Respondent's second contention is that Florence W. Harper did not receive property that "passed from the decedent" within the meaning of section 2056 and the regulations thereunder. Section 20.2056(e)-2(a), Estate Tax Regs., provides, in pertinent part:

A property interest is considered as passing to the surviving spouse only if it passed to her as beneficial owner, * * * . For this purpose, where a property interest passed from the decedent in trust, such interest is

---

[5]See also *Rosenblum v. Gibbons*, 685 S.W.2d 924, 929 (Mo. Ct. App. 1984), and *Webb v. St. Louis County Nat. Bank*, 551 S.W.2d 869, 875 (Mo. Ct. App. 1977), in which it was held that the fact that a trust was nominally funded did not affect its validity.

[6]See also Ohio Rev. Code Ann. sec. 1335.01(B) (Page 1979), which specifically provides that "A trust is not invalid because the corpus thereof consists only of: * * * (2) assets having a nominal value * * * ."

considered to have passed from him to his surviving spouse to the extent of her beneficial interest therein. * * *

Section 20.2056(e)-2(c), Estate Tax Regs., addressing the effect of an election by a surviving spouse to take against a will in reference to the requirement that the property "passed from the decedent" to his surviving spouse, provides:

If the surviving spouse elects to take against the will or other instrument, then the property interests offered thereunder are not considered as having "passed from the decedent to his surviving spouse" and the dower or other property interest retained by her is considered as having so passed (if it otherwise so qualifies under this section). If the surviving spouse elects to take under the will or other instrument, then the dower or other property interest relinquished by her is not considered as having "passed from the decedent to his surviving spouse" * * * and the interest taken under the will or other instrument is considered as having so passed (if it otherwise qualifies). * * *

Respondent would have us read the above regulation as providing that, because the surviving spouse elected to take against the will of the decedent, the property distributed from the estate to the trust pursuant to the residuary clause did not pass from the decedent. We disagree. The phrase "property interests offered thereunder" in section 20.2056(e)-2(c), Estate Tax Regs., clearly refers to property interests devised or bequeathed to the surviving spouse by the will. It does no more than incorporate the situations dealt with in Ohio Rev. Code Ann. sec. 2107.39 and Ky. Rev. Stat. sec. 392.080, both *supra* page 372. As we have previously held, under local law, Florence W. Harper's election to take against the will did not affect her beneficial interest under the separate and distinct provisions of the inter vivos trust. Therefore, the beneficial interest that she received is considered as having passed from the decedent pursuant to the valid separate trust instrument. Consequently, the regulation relied upon by respondent does not apply.

In sum, under local law, Florence W. Harper obtained a beneficial interest in the property distributed from the estate to the trust even though she elected to take against the will, and there is nothing in section 2056 or the regulations thereunder which requires a different conclusion.

Therefore, the property is considered as having passed from the decedent to her pursuant to the trust provisions and is not affected by her election against the will.

It may well be that an inter vivos trust of the type involved herein should be considered a testamentary trust and treated no differently for purposes of the surviving spouse's exercise of a right of election than it would be if it had been established by the will. But this involves a matter of policy which is not for us to decide but rather falls within the scope of legislative action either at the State level as Ohio has done, see note 3, *supra*, or a change in the estate tax law by the Congress, see *Morgan v. Commissioner, supra.*

To reflect the agreement by the parties on other adjustments,

*Decision will be entered under Rule 155.*