**Roma BARRY, Respondent,**

v.

**Donald J. BARRY, Appellant.**

No. 39848.

Missouri Court of Appeals,
Eastern District,
Division Four.

Feb. 6, 1979.

Motion for Rehearing or Transfer
Denied March 16, 1979.

Joseph Howlett, Shaw, Howlett & Schwartz, Edward C. Vancil, Sumner, Hanlon, Sumner, McDonald & Nouss, P. C., Clayton, for appellant.

Don B. Sommers, St. Louis, for respondent.

DOWD, Presiding Judge.

An action for an accounting and for an adjudication of a one-half interest in a trust.

The appellant, Donald J. Barry, appeals from a judgment issued by the Circuit Court of the County of St. Louis favorable to his former wife, respondent Roma Barry.

The respondent had instituted an action in equity in the Circuit Court seeking an accounting for jointly owned assets which had been retained by the appellant, following his revocation of a trust.

In 1971, the appellant caused an indenture of trust to be created in which he was referred to as the "grantor" and "trustee". The purpose of the trust, as articulated in the indenture, was to "be for the benefit of the grantor (and possibly for the benefit of his wife) during his lifetime, and after his death for the benefit of his wife and his children, grandchildren and others as hereinafter provided)". The power to terminate, modify or alter the trust was reserved to the appellant as grantor. The trust instrument made no provision as to distribution upon revocation of the trust.

The corpus of the trust was composed of seven life insurance policies, the face amount of which totaled $59,100; common stocks valued at approximately $16,000; a business interest valued at $50,000; and real estate transferred to the trust by warranty deeds executed by the Barrys as husband and wife.

The parties were divorced on June 22, 1972. The following day, the appellant, acting as "grantor", revoked the trust. A new indenture of trust created by the appellant on March 18, 1974 was similar to the previous trust except that the former did not provide for the respondent as a beneficiary.

Respondent sought an accounting and an adjudication of her entitlement to her contributed share of the trust assets. The ap-

pellant denied her interest in the trust assets, contending that respondent released all her interest in rights, claims and causes of action arising by reason of marriage in an agreement entered into on the date the divorce decree was issued. The property settlement agreement made no reference to the trust instrument or to the assets held in the trust.

The Circuit Court ruled in favor of the respondent finding her to be the "legal and equitable owner of an undivided ½ interest in common in the real estate" contributed to the trust, as well as the $16,000 worth of common stock. The court ordered the appellant to account to the respondent for bank assets, mortgages, deeds of trust and income from real and personal property held jointly by the parties at the time of their divorce.

Appellant contends that the trial court's judgment was in error because the respondent failed to make a "submissible case" for an accounting; the respondent's transfers to the trust divested her of any interest she possessed in the assets conveyed; the agreement entered into on the day of the divorce decree divested respondent of any interest she may have had in the property transferred; and respondent must be estopped from declaring an interest in the real property conveyed because said property was transferred by warranty deed.

At the heart of appellant's first point relied on is the contention that the respondent failed to make a prima facie case because no evidence of fraud was introduced to substantiate the allegations of deception set forth in the amended petition.

■ The petition, in essence, articulated a cause of action predicated on breach of fiduciary duty, i. e., appellant improperly disposed of the trust corpus following revocation. This ground for relief, standing by itself, warranted the invocation of equitable jurisdiction. 1 Am.Jur.2d, § 51. As such, a finding of fraud was not a condition precedent to the court's ordering and adjudication of respondent's interests.

■ In order to make a prima facie case for an accounting, it is necessary to prove the existence of a fiduciary relationship and an obligation to account. *Stark v. Cole*, 373 S.W.2d 473 (Mo.App.1963); *Engelsmann v. Holekamp*, 402 S.W.2d 382 (Mo. 1966), 36 A.L.R.3d 1056. The respondent demonstrated that a fiduciary relationship existed between her husband as grantor/trustee and herself as contributor/beneficiary; that the assets and interests she contributed to the trust were due to be returned to her upon termination of the trust; and that her demand for an accounting was refused by the appellant. We are of the opinion that a prima facie case was presented on the stipulated facts. Accordingly, point one is ruled against the appellant.

In his second point relied on the appellant alleges that the assets, upon transfer to the trust by the respondent, ceased to be held by the entireties and became sole property of the appellant. It is appellant's contention that no resulting trust arises in favor of the respondent because by her execution of the warranty deeds, she manifested an intention to dissolve the tenancies by the entireties. In a similar vein, appellant's fourth point contains the contention that respondent should be estopped from declaring an interest in the property transferred because the conveyances were effected by general warranty deeds. As points two and four both challenge the trial court's finding regarding the effect of the conveyances we shall treat them simultaneously.

■ In order to transfer in trust property held by the entireties it is necessary that both tenants join in the conveyance. Commentary on Possessory Estates, Vol. 23 VAMS, Sec. 40, p. 30; *Leuzinger v. Merrill Lynch, Pierce, Fenner & Smith*, 396 S.W.2d 570 (Mo. banc 1965). Therefore, respondent's sole act of joining in the conveyance should not be construed as evidencing intent to make a gift of her interest.

■ Since appellant and respondent contributed assets to the trust, in substance both may be considered to be settlors. Restatement of Trusts 2d, Chapter 2, Topic 1,

Methods of Creating a Trust § 17–23. In the absence of a provision to the contrary, the effect of their joint conveyances to the trust was to divest both parties of their interests in the property transferred, since "he who creates a trust estate creates an estate no longer his own." *Coon v. Stanley*, 230 Mo.App. 524, 94 S.W.2d 96, 98 (1963).

■ Our examination of the warranty deed reveals that the language used to effect the transfer was "to Donald Barry as trustee under an indenture of Trust dated 23rd day of February 1971". There is no evidence on the face of the deeds which indicates that respondent manifested an intention that appellant should acquire a beneficial interest in the real estate transferred. Contrarily, the warranty deeds reflect that respondent intended the appellant to acquire legal title to the realty in his fiduciary capacity as trustee rather than in his individual capacity as her husband.[1]

■ As the trust indenture did not contain a limitation on the estate transferred to the trustee, the latter became vested with that degree of interest necessary to the purpose and operation of the trust, and no more. *Stephens v. Moore*, 298 Mo. 215, 249 S.W. 601 (1923).

■ Upon termination of a trust, if the indenture is silent on the issue, it is the trustee's fiduciary duty to reconvey title to the beneficial owners or hold same upon a resulting trust for the settlor(s). See Restatement of Trusts 2d, Chapter 12, § 411; *Prudential Insurance Co. of America v. Gatewood*, 317 S.W.2d 382 (Mo.1958).

■ Where, as in the present case, the trust instrument does not provide for a method of distribution upon termination,

"the trustee will have a duty to make delivery to such a party as is equitably entitled thereto and to deliver such instruments of transfer as the carrier of the property reasonably requires . . Usually the transferee will be the settlor". Bogert, Trusts and Trustees, Ch. 47, Sec. 1010, p. 577.

■ Furthermore, when contributions to a trust are made by more than one settlor, "the contributors are entitled to receive the amounts which they contributed." Restatement of Trusts, Second Chapter 12, § 411(j).

■ The trial court did not err in holding that upon termination of the trust the respondent became the legal and equitable owner of an undivided ½ interest in common[2] in the real estate transferred in trust, as well as the common stock. Appellant may not be permitted upon termination, to hold the trust corpus free of trust. Points two and four are ruled against the appellant.

■ Appellant's third point contains the allegation that the agreement entered into on the date the divorce decree was issued operated to divest respondent of any interest she may have had in the trust corpus.[3]

We are of the opinion that this agreement did not affect either party's interest in the trust corpus. The agreement made no reference to the indenture of trust. According to the language of the document, the parties acting as husband and wife agreed to release each other from "claims, demands, causes of action in law or equity as to both real and personal property." At the time of the agreement neither the husband or wife owned the trust assets individually. The property was held in trust with the appellant as trustee.

---

1. It is well settled that one acting in an individual capacity is, for judicial purposes, different from that same person functioning as a fiduciary. 89 C.J.S. Trusts § 3.

2. Upon divorce, property which had been held by a tenancy by the entirety by a husband and wife is converted by operation of law to being held by a tenancy in common. *Reed v. Reed*, 516 S.W.2d 568 (Mo.App.1974).

3. Appellant cites *Seymour v. Seymour*, 340 S.W.2d 652 (Mo.1960) in support of his position. *Seymour* is distinguishable because the deeds therein were executed as part of a settlement pursuant to a separation agreement. In this case however, the deeds were executed in an isolated transaction which preceded the settlement agreement by a year.

On the date the agreement was finalized, the trust was in full force and effect. The appellant's termination of the trust on the following day did not operate to vest him with complete title to the trust corpus. Rather, as discussed in connection with points two and four, it became appellant's duty on termination to transfer to respondent that share of the beneficial ownership to which she is entitled. Restatement of Trusts, Second, Chapter 10, § 345, p. 193.

Accordingly, point three is ruled against the appellant.

Judgment affirmed.

WEIER, C. J., and CRIST, J., concur.