Jacqueline Walters LORCH,
Plaintiff-Respondent,

v.

MERCANTILE TRUST COMPANY NATIONAL ASSOCIATION, Executor-Trustee, Defendant-Appellant.

No. 45468.

Missouri Court of Appeals,
Eastern District,
Division Two.

March 15, 1983.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 13, 1983.

John L. Sullivan, St. Louis, for defendant-appellant.

Richard Marx, Patricia D. Gray, St. Louis, for plaintiff-respondent.

SNYDER, Presiding Judge.

This is a declaratory judgment action in which the defendant appeals from the judgment of the Circuit Court of St. Louis County which granted the plaintiff's motion for judgment on the pleadings and denied appellant's motion for judgment on the pleadings. The judgment is affirmed.

The definitive issue is whether respondent, having elected to take against her husband's will, may nonetheless retain her beneficial life income interest in the inter vivos trust to which her husband poured over a substantial portion of his testamentary estate. This is a matter of first impression in Missouri and, according to appellant, a matter of first impression in any appellate court in the United States.

Respondent was the surviving spouse of Walter W. Lorch, Jr., whose will was admitted to probate on March 17, 1980. On June 13, 1974 Mr. Lorch had established a trust in which he named himself and respondent Mercantile Trust Company National Association as co-trustees. The trust was funded with a transfer of $1,000. Mr. Lorch did not exercise his right to amend or revoke the trust, which then became irrevocable on his death.

Mr. Lorch was a lifetime beneficiary of the trust which directed that after Mr. Lorch's death, Mrs. Lorch receive the income from the trust until she died or remarried. The trust further provided that the Lorch children were to receive the corpus of the trust estate upon Mrs. Lorch's death or remarriage.

In his will, Mr. Lorch devised his tangible personal property to his wife and his residuary testamentary estate, valued at approximately $400,000, to the inter vivos trust.

Respondent elected to take a statutory share of the estate rather than to take under the provisions of her husband's will, § 474.160 RSMo.1978. She then brought this action seeking a declaratory judgment that she could also receive the income from the trust during her lifetime in accordance with the trust provisions.

Appellant executor-trustee asserts the trial court erred as a matter of law in holding that respondent's election to take against her deceased husband's will did not exhaust her interest in the probate assets poured over into the trust. In support of its assertion that the court erred, appellant advances four reasons: (1) In law and in equity, the surviving spouse should not be permitted to obtain double benefits in the same assets; (2) Tracing of the flow of probate assets indicates an exhaustion of statutory benefits in the assets; (3) Decedent intended to incorporate the trust provisions into his will by reference, thereby constituting the trust as part of his testamentary disposition of his probate assets; and (4) The trial court could reasonably have held that there was an intestacy as to the residue of the decedent's probate estate. Appellant's points are without merit.

There is no dispute concerning the facts and appellant argues in its brief only that the trial court erred as a matter of law.

Appellant first argues that in law and in equity a surviving spouse should not be permitted to obtain double benefits in the same assets. Appellant's statement is based upon a false premise. The point must be denied.

Respondent did not receive double benefits. She received only her statutory share of the probate estate. The trust, an independent entity, was the beneficiary of the residuary devise.

After respondent received her statutory share pursuant to her election to take against the will and the trust received the residuary devise, the probate estate was closed. From it respondent received only her statutory share, no more. The income she is entitled to receive will come from the trust, not the probate estate, unless the trust instrument was incorporated by reference into the will, a question which will be discussed later in this opinion.

To support its position, appellant cites a Pennsylvania Orphans' Court decision which held that where a widow elected to take against the will she would be barred from receiving any beneficial interest in assets which were poured-over into an inter vivos trust. *Clark's Estate*, 8 Pa.D. & C.2d 665 (Orphans' Ct.1956).

The reasoning of *Clark's Estate*, however, is inapplicable to cases arising in Missouri because Pennsylvania treats revocable inter vivos trusts as testamentary where the settlor also retains a power to control the administration of the trust whereas Missouri does not. See *In re Pengelly's Estate*, 374 Pa. 358, 97 A.2d 844, 846[1, 2] (1953); cf. *Potter v. Winter*, 280 S.W.2d 27, 33–34[3, 4] (Mo.1955). Because the trust in the case under review is inter vivos rather than testamentary in character, the disposition of the residue of the testator's estate is made to a trust which functions independently of the will.

The trust agreement had been executed prior to the testator's death. The trust had trustees and beneficiaries. An intent to create a trust was clear. The trust was funded before the testator expired. Finally, the trust had not been revoked or amended. The trust had an existence independent of the will.

If ... the trust, at least when it is funded, has significance independently of the will, then so does the trust provision for the surviving spouse, and the spouse could not be viewed to take entirely by virtue of the will. The devise or bequest would seem to be to the trustee in its fiduciary capacity, not to the spouse. Breaking the chain of events down into steps, the will only goes so far as to give the trustee the devise or bequest; the trustee then, on his own, pays over what the trust instrument provides for the spouse.

Note, "Surviving Spouse's Election and Acceleration of Remainders in Pour-Over Trusts," 41 Cin.L.Rev. 441, 448 (1972). Here the gift in the residuary clause was to the trustee. The trustee, independently, distributes trust income to respondent as directed by the trust agreement.

In addition, appellant argues that, although § 474.163 RSMo.1978 (1982 Cum. Supp.)[1] was not in effect when decedent died, the statute is indicative of Missouri's public policy. The recently passed § 474.-163 admittedly would dictate a reversal in the case under review. Perhaps appellant implies that § 474.163 merely codifies the

---

1. 474.163. Valuation of estate, how determined.

1. For the purposes of section 474.160, the estate consists of all money and property owned by the decedent at his death, reduced by funeral and administration expenses, exempt property, family allowance and enforceable claims, and increased by the aggregate value of all money and property derived by the surviving spouse from the decedent by any means other than testate or intestate succession, exempt property or family allowance without a full consideration in money or money's worth. The aggregate value of money and property so derived by the surviving spouse from the decedent shall be offset against the elective share given by section 474.160.

2. Property derived from the decedent includes, but is not limited to: (1) Any beneficial interest of the surviving spouse in a trust created by the decedent during his lifetime; (2) ...

previously existing common law rather than changing the law. A contrary argument may be made: If the common law of Missouri had always been the same as the law now laid down by the legislature, the legislature would not have bothered to enact § 474.163. Therefore, the legislature passed § 474.163 because it believed the law was as this court holds today and wanted to change it. Because two equally valid, contrary inferences can be drawn from the enactment of § 474.163, it is sufficient to say that § 474.163 was not in effect at the time decedent died and has no bearing on the outcome of the case under review.

■ Appellant in its second point charges trial court error in failing to trace the flow of probate assets into the trust because a tracing of those assets would indicate that respondent has exhausted her statutory benefits in such assets. Appellant cites no cases to support its charge of error. The point is denied.

Appellants would have this court trace the residue of the estate through the trustee and ultimately to respondent and declare that because respondent has already received her statutory share in those assets, she may not receive any further interest in them. There is no basis for tracing the probate assets through the trust. The will conveyed the residue to the trustee; the trustee conveys respondent's interest under the trust agreement. "... [F]uture ownership is not part of the testamentary process which was set in motion when the will was offered for probate." McClanahan, W.S., "Bequests to Existing Trust—Problems and Suggested Remedies," 47 Cal.L.Rev. 267, 277 n. 51 (1959) (emphasis in original).

Appellant next argues that the trust was incorporated by reference into the will, so that the terms of the trust, including the beneficial interest given to respondent, should be read as part of will. If respondent's interest in the trust is made a part of the will, then, to the extent of the pour-over, respondent's election to take against the will would bar her from receiving the

income interest. The terms of the trust are not incorporated by reference into the will and appellant's point is denied.

■ When a will makes a bequest to an inter vivos trust the terms of which are not set forth in the will, the bequest to the trust is valid only if the trust is incorporated by reference into the will or is a fact of independent significance, unless there is a statute to the contrary. If the trust is neither incorporated by reference nor a fact of independent significance, then the grant to the trust fails. See I Scott on Trusts § 54.3 (3d Ed.1967). Missouri has no statute governing the validity of bequests to an inter vivos trust. Cf. Uniform Probate Code §§ 2–511, 2–512; Uniform Testamentary Additions to Trusts Act.

Article Two of the will refers to the trust:

ARTICLE TWO: All the rest, residue and remainder of my property, real, personal or mixed, whether acquired before or after the execution of this Will, I give, devise and bequeath to the then acting Trustee under a certain Trust Agreement between myself as Grantor and myself as Trustee dated ___June 13___,[2] 1974, to be held and disposed of as part of the principal of said trust. Should said trust not then be in existence, I give, devise and bequeath said property to Mercantile Trust Company National Association, as Trustee, to be held and disposed of, for the same uses and purposes and subject to the same powers and duties as are set forth in said Trust Agreement as it exists at the date of this Will, said Trust Agreement *for this purpose* being incorporated by reference. Emphasis supplied.

The Missouri Supreme Court has stated the requirements for incorporation by reference:

In order to incorporate the terms of a trust into another instrument by reference the intention to incorporate must clearly appear, either by direct reference by which the terms and provisions of the

2. Although the copy of the will which is in this court's file has a blank space for the date, both parties agree that the will does state that the Trust Agreement was dated June 13.

one instrument are incorporated, adopted and made a part of the 'incorporating' document, or from unequivocal facts and circumstances surrounding the transaction which are indicative of such an intention.

*St. Louis Union Trust Co. v. Blue,* 353 S.W.2d 770, 777 (Mo.1962).

The incorporating document in *St. Louis Union Trust Co.* was an amendment to an insurance trust which directed the trustees of the insurance trust to pay insurance proceeds to the trustees of a separate family trust. The amendment gave the names of the trustees of the family trust, the date the family trust was entered into and the name of the grantor. Id. at 774. The court held that the family trust was not incorporated by reference into the insurance trust. Id. at 778.

█ Similarly, the Lorch will names the grantor, the trustees, and the date the trust agreement was entered into. Under *St. Louis Union Trust Co.,* the mere recitation of these facts is insufficient to incorporate the trust by reference into the will.

Moreover, the testator expressly devised his residuary estate to the trust if the trust was then in existence, but to Mercantile Trust Company National Association under the same terms as set forth in the trust agreement, if the trust was not then in existence, directing that the trust agreement be incorporated into the will by reference "for this purpose" (that is, for the purpose of a devise to Mercantile as trustee if the inter vivos trust was not in existence). Therefore, the incorporation by reference if the inter vivos trust was *not* in existence shows the testator's intent not to incorporate the trust by reference if the trust *was* in existence.

Appellant cites an Oklahoma case to support its argument, *Miller v. First National Bank & Trust Company,* 637 P.2d 75 (Okl. 1981). In it the court held that an inter vivos insurance trust was incorporated into decedent's will so that decedent's divorced wife could not participate in the trust benefits. A well reasoned three judge dissent said there should be no incorporation by reference. Id. at 78–81. This court finds that Missouri law in effect at the time of Mr. Lorch's death follows the dissenting opinion.

Finally, appellant contends that the trial court could reasonably have found an intestacy as to the residue. Under this point, appellant urges this court to declare that the pour-over was invalid as against the statute of wills and that therefore, the residue must pass by intestacy. This contention is wholly without merit.

Appellant correctly notes that pour-overs may be validated on one of four grounds: (1) compliance with the statute of wills, § 474.310 RSMo.1978; (2) incorporation by reference; (3) express statutory enactment; or (4) independent significance. Appellant errs, however, when it asserts that the trust here may not be validated on the ground that it is a fact of independent significance. See *St. Louis Union Trust Co. v. Blue, supra* at 778[2].

It was the testator's implied intention not to deprive respondent of her interest under the trust. A clear incorporation by reference of the trust into the will, or a clause in the trust expressly denying respondent an interest in the trust in the event of her election to take against the will, would have been sufficient to deprive respondent of any equitable interest under the trust. Mr. Lorch failed to make either provision.

The judgment is affirmed.

GAERTNER and REINHARD, JJ., concur.