518 So.2d 925 (1987)
Lou BACON, as Personal Representative of the Estate of Gertrude Bacon, Deceased, Appellant,
v.
Jon MARDEN and Jay Marden, Individually, and As Trustees, and Bertha Claire Lee, As Purported Trustee, Appellees.
No. 86-1497.
District Court of Appeal of Florida, Third District.
December 15, 1987.
Rehearing Denied February 3, 1988.
*926 Shutts & Bowen and Andrew L. Gordon and Baron J. Drexel, for appellant.
Floyd, Pearson, Richman, Greer, Weil, Zack & Brumbaugh and Charles H. Johnson and Gary S. Betensky, for appellees.
Before HUBBART, NESBITT and FERGUSON, JJ.
PER CURIAM.
We affirm the trial court's order dismissing count one of Lou Bacon's complaint and its order entering an involuntary dismissal of count two in favor of Jon-Marden and Jay Marden, individually, and as trustees, and of Bertha Claire Lee, as trustee. The trial court correctly determined that the settlor's contrary intent, as demonstrated by the clear and unambiguous language of the trust, supersedes the trustees' duty to produce income for the income beneficiary pursuant to section 738.12(1), Florida Statutes (1985). See Hoffman v. First Virginia Bank, 220 Va. 834, 263 S.E.2d 402 (1980); Gimbel v. Bernard F. & Alva B. Gimbel Foundation, Inc., 166 Conn. 21, 347 A.2d 81 (1974). The fact that the legislature did not clearly make section 738.12(1) applicable to all trusts regardless of the settlor's intent, compels the conclusion that the section does not supplant the well-established common law rule that the settlor's intent governs the construction of a trust, see Bacardi v. White, 463 So.2d 218, 221 (Fla. 1985); Knauer v. Barnett, 360 So.2d 399, 405 (Fla. 1978); West Coast Hosp. Assoc. v. Florida Nat'l Bank, 100 So.2d 807, 810 (Fla. 1958). Cf. Carlile v. Game & Fresh Water Fish Comm'n, 354 So.2d 362 (Fla. 1977) (statute in derogation of common law doctrine affording state sovereign immunity, must be strictly construed); Rudolph v. Unger, 417 So.2d 1095 (Fla. 3d DCA 1982) (statute, permitting prevailing party to recover attorney's fees, in derogation of the common law, must be strictly construed). See generally 3 A. Scott, Trusts § 240.1 (3d ed. 1967).
The history of section 738.12(1) supports the conclusion that section 738.12(1) merely supplements the terms of a trust document and applies only where the settlor has not clearly indicated a contrary intent. Section 690.12, Florida Statutes (1973), the forerunner to section 738.12(1), was similar to section 738.12(1), Florida Statutes (1985), in that it did not specifically supersede the common law rule. In 1975, however, the legislature enacted section 738.12, which required the trustee to pay income to the income beneficiary regardless of whether the trust property was "held for appreciation either by the direction of the settlor or in the discretion of the trustee." Ch. 75-221, § 16, Laws of Fla. In 1977, however, the legislature removed the language which preempted the settlor's intent. Ch. 77-254, § 6, Laws of Fla. In its present form, section 738.12(1) is essentially identical to the 1977 amendment. Where the legislature amends a statute and in so doing omits a portion of it, common sense dictates that the legislature intended to remove that portion of the statute from the law. See Carlile, 354 So.2d at 364-65; Gunite Works, Inc. v. Lovett, 392 So.2d 910 (Fla. 1st DCA 1980); Link-Simon, Inc. v. Muehlebach Hotel, Inc., 374 F. Supp. 789 (W.D.Mo. 1974). When the legislature removed the language from the statute it reinstated the common law rule that the settlor's intent governs the interpretation of a trust.
The trust instrument in the case sub judice stated: "[T]he trustees shall have no obligation to produce income ... and no person shall have any right to compel the trustees to seek any income ... or to compel them to dispose of [the trust] stock because it may not pay dividends." Since this language clearly authorizes the trustees to retain unproductive assets, Bacon's allegation, grounded upon section 738.12(1), Florida Statutes (1985), failed to state a cause of action and was properly dismissed. Furthermore, since Bacon's second count was essentially grounded upon the same duty alleged in count one of the complaint, it was also properly dismissed.
*927 Accordingly, we affirm the trial court's orders dismissing both counts of Bacon's complaint.