Claudia J. SKWIOT, Appellant,

v.

Paul M. SKWIOT, et al., Respondents.

No. 58449.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 30, 1991.

John L. Sullivan, Edward M. Roth, Dianne Johnson, St. Louis, for appellant.

Stuart L. Oelbaum, Martha C. Brown, Michael W. Flynn and Christine A. Gilsinan, St. Louis, for respondents.

CARL R. GAERTNER, Judge.

This is an appeal from a summary judgment granted on a suit for declaratory judgment. Claudia Skwiot, individually and as successor trustee of the "Chester P. Skwiot Revocable Living Trust" (the Trust), filed this action seeking a judicial declaration that she is the fee simple title owner of Lot 52 in Lake Forest Subdivision, St. Louis County, Missouri (the Property). Claudia Skwiot, appellant, is the wife of the named grantor and trustee of the Trust and a life beneficiary under its terms. The respondents, including the Skwiot children, are the ultimate beneficiaries of the Trust. On cross-motions for summary judgment, the court granted respondents' motion holding the property was properly conveyed to and subject to the terms of the Trust. We affirm.

Chester Skwiot established the "Chester P. Skwiot Revocable Living Trust" on November 12, 1986. He is the named "grantor" and "trustee" in the instrument. Additionally, he was to be the principal income beneficiary of the Trust during his lifetime. There is a provision in the Trust that if he were to become incapacitated, support would be provided to his wife Claudia Skwiot. Upon the grantor's death and at any time of incapacity, physical or mental, before his death, the Trust provisions state that it shall be administered by Claudia Skwiot and Commerce Bank as successor co-trustees. Further, the Trust provides that upon the grantor's death the Trust proceeds would be deemed part of a marital trust for the benefit of Claudia Skwiot for her life and, upon her death, transferred to a residuary family trust for the benefit of respondents, the children of the Skwiots and Jamie Adamson, the named beneficiaries of the Trust. Finally, Chester Skwiot retained exclusive power to terminate or revoke the Trust instrument and to receive "as his own property all of the assets" of the Trust. He retained the power to withdraw all or part of the principal and to amend, alter or modify or revoke any portion or amendment thereof.

The property in question in the present dispute was acquired by Chester Skwiot by general warranty deed dated June 23, 1982. He transferred it by quit claim deed to himself as trustee of the Trust on December 9, 1986. Thereafter, on June 19, 1987, acting as trustee he conveyed the property out of the Trust to himself and his wife thereby creating a tenancy by the entirety. *Kennedy v. Miles*, 773 S.W.2d 519, 520 (Mo.App.1989). Then, on August 10, 1987, Claudia and Chester Skwiot executed a quit claim deed and reconveyed the property to Chester Skwiot in his capacity as trustee of the Trust.

Chester Skwiot died on July 11, 1988. Thereafter, on April 10, 1989, appellant filed a petition for Declaratory Judgment seeking the declaration that she be named fee owner of the property as surviving spouse of the tenancy by the entirety. She contends that the August 10, 1987 joint conveyance of title to the property to Chester Skwiot, as trustee, did not sever the tenancy by the entirety. Respondents filed a motion for summary judgment. A hearing was set for February 7, 1990 on their motion. On February 5, appellant also moved for summary judgment. On February 7, the court heard arguments on respondents' motion for summary judgment and recognized that, in fact, both appellant's and respondents' motions had been argued. The court then allowed respondents seven days to respond to appellant's motion for summary judgment, which they did. On February 28, 1990 the court entered its judgment granting respondents' motion for summary judgment.

Appellant filed a motion to vacate pursuant to Rule 75.01. Appellant based her motion on the assertion that prior to the entry of judgment she had filed a motion seeking leave to file an amended petition asserting an additional legal theory for the court's consideration. That additional theory, based on the case of *In re Estate of Lamy*, 679 S.W.2d 288 (Mo. banc 1984), is

to the effect that one who transfers property to a trust is deemed a grantor of the trust to the extent of the interest contributed where the trust is created by another. After granting appellant's leave to amend her petition, the court considered all motions and amended petitions and decreed that summary judgment be entered in favor of respondents as per its February 28 order. It is from this order granting respondents' motion for summary judgment that appellant appeals.

There being no dispute as to any material fact, summary judgment for one party or the other is appropriate. Our review, therefore, is solely for a determination of whether the trial court properly applied the law.

Appellant contends that she owns the property as the surviving spouse of the tenancy by the entirety despite having joined with her husband in the conveyance of the property to the Trust. As we understand it, her argument is based upon her contention that the conveyance of the property to "Chester P. Skwiot in his capacity as trustee under the Revocable Living Trust of Chester P. Skwiot, dated November 12, 1986" was insufficient to subject the property to the terms of that Trust in the absence of an express statement in the quit claim deed to that effect. Accordingly, appellant's argument continues, the property "retained its character as entireties property and became part of a resulting trust for [her] benefit as surviving spouse."

In her brief, appellant posits three steps leading to her conclusion that she is the owner of the property as a survivor of the tenancy by the entirety. First, she establishes beyond question that the property was owned by her husband and herself as tenants by the entirety—an undisputed fact. Second, she persuasively argues that by joining in the quit claim deed to her husband as trustee of the named Trust, she did not make a gift to him as an individual—an undisputed conclusion. The crux of the dispute lies in appellant's third step, that by executing the quit claim deed she did not assent to the disposition of her interest in the property by the terms of the Trust.

In support of this position appellant relies upon two cases, *St. Louis Union Trust Co. v. Blue*, 353 S.W.2d 770 (Mo.1962) and *Lorch v. Mercantile Trust Co.*, 651 S.W.2d 540 (Mo.App.1983). These cases refute rather than support appellant's argument. Both cases address the legal effect of referring to an existing trust merely by name, date and named trustee in an instrument purporting to transfer assets into the trust. Both cases conclude that such a recital is sufficient to accomplish that purpose.

 *St. Louis Union Trust, supra,* concerned an amendment to an insurance trust providing that the proceeds of insurance policies be paid to the trustees of an existing family trust. The grantor's will directed the corpus of the family trust be increased to a total of $800,000 from his residual estate. The family, beneficiaries of the family trust, argued the proceeds of the insurance trust should not count against the $800,000. A foundation, the ultimate residual legatee under the will, took the opposite position. The Supreme Court held the effect of the amendment was to "export and relinquish the proceeds of the insurance policies" from the insurance trust to the family trust. The court rejected the family's contention that the effect of the amendment was to "import the terms of the [family] trust" into the insurance trust or to create a new separate or independent trust. *Id.* at 778. So too here, the effect of the quit claim deed was to "export and relinquish" ownership of the property from appellant and her husband to the trustee of the existing trust. In *Lorch, supra,* a testator left his residual estate to the trustee of an existing inter vivos trust. His widow elected to take against the will and receive her statutory share of the estate. The trustee then questioned her right to receive the income of the trust during her lifetime. In holding the widow was entitled to receive her statutory share from one entity, the estate, and the income from a separate entity, the trust, the court stated the mere recitation

of the name, date, and trustee of the inter vivos trust was insufficient to incorporate by reference the terms of the trust into the will. *Lorch,* 651 S.W.2d at 543–44. Rather, the will effected a conveyance to the trustee of the residue of the estate after payment of the widow's statutory share. Thus, contrary to appellant's argument, both *St. Louis Union Trust* and *Lorch* uphold the principle that the description of an existing trust by name, date, and trustee as grantee is sufficient to effectuate a conveyance of assets into the trust. Accordingly, the point asserted by appellant, that the quit claim deed created a "purported express trust" which, because of the absence of incorporation of the existing trust by reference, is unenforceable because of indefiniteness, is simply a non-issue under the facts of this case.

▮ Finally, appellant contends that even if the quit claim deed effectively severed the tenancy by the entireties, she is nevertheless entitled to an undivided one-half share of the property free of trust. She relies upon *Barry v. Barry,* 579 S.W.2d 136 (Mo.App.1979). Again, her reliance is misplaced.

In *Barry, supra,* a husband and wife joined in the execution of a deed conveying real estate to a trust created by the husband. He reserved the power to terminate the trust, but the trust instrument contained no provision for distribution of assets upon revocation. One day after their divorce, the husband revoked the trust and subsequently transferred the assets to a new trust in which wife was not a beneficiary. *Id.* at 138. In her suit for an accounting, the court found that upon termination of the trust the wife was equitably entitled to her share of the assets contributed to the trust including a one-half interest in the real estate. The basis for this conclusion was not, as here contended by appellant, that the execution of the deed by wife failed to divest her of the beneficial interest in her half of the property. On the contrary, the court expressly held "the effect of their joint conveyances was to divest both parties of their interests in the property transferred...." *Id.* at 140. The

basis of the decision was the breach by husband of his fiduciary duty as trustee to return to those who contributed to the trust the amount of their contribution upon termination of the trust. *Id.* Obviously, *Barry* is of no assistance to appellant in this case where the Trust has not been terminated. We see no inequity in holding appellant, a life-time beneficiary of the trust, to the legal effect of her execution of the quit claim deed.

The judgment is affirmed.

SMITH, P.J., and SATZ, J., concur.