771 So.2d 1213 (2000)
Matilda SAUTER, as Successor Trustee of the Vincent J. Bravo Revocable Trust Agreement (as amended), and as Personal Representative of the Estate of Vincent J. Bravo, Deceased, Appellant,
v.
Rose BRAVO, Appellee.
No. 4D99-3950.
District Court of Appeal of Florida, Fourth District.
October 25, 2000.
Rehearing Denied December 28, 2000.
James A. Herb of Herb & Mednick, Boca Raton, for appellant.
William Jay Palmer of Adorno & Zeder, P.A., Miami, for appellee.
STONE, J.
We affirm an order, as clarified by the trial court, directing payment by Matilda Sauter (Sauter), as trustee under a "pour over" trust, in favor of Rose Bravo (Bravo), the income beneficiary of the trust.
This is the second time this case has been before this court. See Bravo v. Sauter, 727 So.2d 1103 (Fla. 4th DCA 1999). There, the facts were summarized as follows:
On January 2, 1980, Vincent J. Bravo ("decedent") created an inter vivos revocable trust agreement and executed his last will and testament. Approximately seven months after the decedent married [Bravo], he amended his will and trust to substitute Bravo in place of his first wife who had predeceased him. The decedent died in 1993, and in his will he specifically devised a life estate to Bravo of all his tangible personal property, with its remainder to his children from his first marriage. The will provided that upon the decedent's death, the rest, residue and remainder of the property, both real and personal, would pour over to the trust, which allowed income for life to Bravo and distribution upon Bravo's death to the decedent's children, one of whom was [Sauter], who was also the successor trustee of the trust and personal representative of the decedent's estate.
Bravo made an election, pursuant to section 732.201, Florida Statutes (1993), to claim an elective share in the decedent's probate estate. Sauter then contested Bravo's right to share in the trust since she had taken her statutory elective share of the estate. After many *1214 proceedings, the trial court ruled that Bravo's election to take her statutory share of the estate did not preclude her from receiving her beneficial interest in the trust.
Id. at 1104-05. In the earlier appeal, this court concluded that Bravo's election of her statutory share did not extinguish her interest in the trust income. See id. at 1107. In reaching this determination, this court noted that "if the wife did not receive income from the probate assets transferred to the trust, the wife would receive very little, if any, income from the remaining trust assets." Id. Such a result would be inconsistent with the testator's intent not to deprive Bravo of her interest under the trust. See id. The case was then remanded for further proceedings.
Following remand, Bravo moved for summary judgment, arguing that she was entitled to receive "a minimum of three percent of the combined value of the net assets of the ... estate and trust" pursuant to section 738.12(1)(a), Florida Statutes, which provides:
If the total principal of a trust does not in any year yield a net income of at least 3 percent of its market value (including as income the value of any beneficial use of the property by the income beneficiary), the trustee shall pay to the income beneficiary an amount equal to the excess of 3 percent of the value of the principal, based upon the market value at the beginning of the calendar year, over the trust income paid to the income beneficiary in that year. This amount shall be paid to the income beneficiary using the first principal cash available.
§ 738.12(1)(a), Fla. Stat. (1997). At the hearing, Bravo argued that she was entitled, as a matter of law, to the statutory three-percent payments. Sauter countered that the decedent waived application of section 738.12(1)(a), as evidenced by the language of the trust. In so arguing, Sauter pointed to different portions of the trust, in which the decedent permitted the trustee to retain, hold, or acquire unproductive realty or personalty and to invest and re-invest trust assets in any type of property or security regardless of whether the new asset produced any income.
The trial court correctly found that the provisions of the trust authorizing the trustee to retain underproductive property did not waive application of section 738.12(1)(a) and awarded Bravo three percent of the value of the assets contained in the estate that were payable to the trust, as well as three percent of the value of the assets contained in the trust. For the years Bravo did not occupy the marital home, the court found that Bravo was also entitled to income equal to three percent of the value of the residence.
We note that neither party argues that an evidentiary hearing should be held or that the order on Bravo's motion for summary judgment, as clarified, was improper because there are issues of fact. Indeed, both parties agree that the issue was properly resolved by the proceedings on the motion for summary judgment. Neither side asserts an ambiguity. Hence, the decision herein turns on whether the trial court correctly determined, as a matter of law, that Bravo was entitled to recover three percent of the value of the probate and trust assets pursuant to section 738.12(1)(a).
We reject Sauter's argument that the language of the trust obviated application of section 738.12. A similar argument was addressed in Bacon v. Marden, 518 So.2d 925, 926 (Fla. 3d DCA 1987), where the Third District recognized that "section 738.12(1) merely supplements the terms of a trust document and applies only where the settlor has not clearly indicated a contrary intent." The trust instrument in Bacon, unlike that in this case, specified, "[T]he trustees shall have no obligation to produce income ... and no person shall have any right to compel the trustees to seek any income ... or to compel them to dispose of [the trust] stock because it may not pay dividends." Id. at 926. Relying on clear and unambiguous language in the *1215 document, the trial court concluded that the settlor's contrary intent superseded the trustee's statutory duty to produce income for the income beneficiary. The Third District agreed, based on the clear language in the document indicating an intent contrary to the statute.
In this case, unlike Bacon, the language of the trust does not clearly evidence a contrary intent on the part of the decedent. Although the trust instrument authorizes the trustee to retain unproductive property, nothing in the document excuses the trustee from producing income for the income beneficiary, Bravo. Moreover, such an interpretation would be inconsistent with the decedent's stated intent, to provide income for life to Bravo. Accordingly, we find no error in the trial court's conclusion that the provisions of the trust did not waive application of section 738.12(1)(a).
Sauter also claims that the "Order Denying Motion for Rehearing and Clarifying Paragraph Four (4) of this Court's Ordered Dated October 14, 1999" (hereinafter referred to as "order"), contains various errors. We agree that the order contains a scrivener's error. The order states that the trial court is "amending paragraph Four (4) of its Order dated October 14, 1999;" however, it is clear from the record that it is amending paragraph three. We further agree that the order improperly directs the trustee to value the trust residence "as of the first day of each year, beginning in 1995." As noted in the order, the trial court found that Bravo occupied the trust residence through October 1995 and that the value of Bravo's beneficial use of the residence was equal to the income required to be yielded therefrom by the trust under section 738.12. In light of the trial court's findings, it logically follows that Bravo would not be entitled to income equal to three percent of the value of the residence prior to 1996. Thus, the order under review should be modified to reflect "1996" instead of "1995," consistent with this opinion.
The order on appeal is affirmed but remanded for correction. As to all other issues, we find no reversible error and affirm.
WARNER, C.J. and GLICKSTEIN, HUGH S., Senior Judge, concur.